**JUDGE SEIBEL**

Michael Delikat
James H. McQuade
Kristina C. Hammond
ORRICK, HERRINGTON & SUTCLIFFE LLP
666 Fifth Avenue
New York, New York 10103
(212) 506-5000

Attorneys for Defendant Wyeth Pharmaceuticals, Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JOSEPH W. DYKSTRA,

    Plaintiff,

v.

WYETH PHARMACEUTICALS, INC.,

    Defendant.

---

Case No. 08 CIV 7432

**NOTICE OF REMOVAL**

TO:    CLERK
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, New York 10601-4150

CLERK
Supreme Court of the State of New York
County of Rockland
Courthouse
1 South Main Street
New City, New York 10956

BARRY D. HABERMAN, ESQ.
245 South Main Street #401
New City, New York 10956

Defendant Wyeth Pharmaceuticals, Inc. ("Wyeth"), by its undersigned attorneys, files this Notice of Removal, pursuant to 28 U.S.C. § 1441, of the action entitled *Joseph W.*

*Dykstra v. Wyeth Pharmaceuticals, Inc.*, Index Number: SU-2008-05479 (Supreme Court of the State of New York, Rockland County).

   1. Upon information and belief, on or about June 6, 2008, Plaintiff Joseph W. Dykstra ("Dykstra") filed this action in the Supreme Court of the State of New York, Rockland County. Wyeth received a copy of the Summons and Complaint from Dykstra's counsel on July 28, 2008. This Notice of Removal is being filed within thirty (30) days of Wyeth's receipt of the Summons and Complaint. Attached hereto as Exhibit A is a copy of the Summons and Complaint, Statement of Service by Mail, and Acknowledgment of Receipt of Summons and Complaint, which constitutes all of the process, pleadings and orders received by Wyeth in this action.

   2. This action is one that may be removed to this Court by Wyeth pursuant to 28 U.S.C. § 1441(a), in that it is a suit constituting a dispute between citizens of different states and the matter in controversy exceeds the sum of the value of $75,000, exclusive of interest and costs.

   3. As alleged in the Complaint, Dykstra is, and at all relevant times has been, a resident and domiciliary of Rockland County in the State of York.

   4. Wyeth is, and at all relevant times has been, a corporation organized and existing pursuant to the laws of the State of Delaware, with its principal place of business located at 500 Arcola Road in Collegeville, Pennsylvania. Therefore, pursuant to 28 U.S.C. § 1332(c)(1), Wyeth is a citizen of the State of Delaware and of the State of Pennsylvania for purposes of diversity and removal jurisdiction.

   5. Thus, the citizenship of all parties is diverse as defined by 28 U.S.C. § 1332(a) in that Wyeth is deemed to be a citizen of the State of Delaware and of the State of

Pennsylvania and Dykstra is deemed to be a citizen of the State of New York.

6. The Complaint alleges, *inter alia*, that Wyeth unlawfully terminated Dykstra's employment based on his reporting of a violation of a rule or regulation which would have a substantial and specific danger to the public health or safety, in violation of New York Labor Law § 740. Among other relief, the Complaint seeks back pay in the amount of $1,722.96 per week for each week since the termination of his employment with Wyeth, which the Complaint alleges occurred on June 11, 2007. As of the apparent filing date of the Complaint (June 6, 2008), Dykstra's alleged back pay damages thus equaled approximately $87,870.96.

7. Venue lies in the United States District Court for the Southern District of New York because the state-court action was filed in this district. 28 U.S.C. § 1441(a).

8. As required by 28 U.S.C. § 1446(d), Wyeth is serving a copy of this Notice of Removal on Dykstra and providing a copy to the Clerk of the Supreme Court of the State of New York, Rockland County.

WHEREFORE, Wyeth submits this Notice of Removal of this action from the Supreme Court of the State of New York, Rockland County, to the United States District Court for the Southern District of New York and prays this action stand so removed.

DATED: New York, New York
         August 21, 2008

                              Respectfully submitted,

                              *[signature]*
                              ORRICK, HERRINGTON & SUTCLIFFE LLP
                              Michael Delikat
                              James H. McQuade
                              Kristina C. Hammond
                              666 Fifth Avenue
                              New York, New York 10103
                              (212) 506-5000

                              Attorneys for Defendant Wyeth Pharmaceuticals, Inc.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ROCKLAND
----------------------------------------------------------------X
JOSEPH W. DYKSTRA,

                Plaintiff,

-against-

WYETH PHARMACEUTICALS, INC.,

                Defendant.

----------------------------------------------------------------X

Index # SU-2008 03-174
Date Purchased: 06/06/2008

**SUMMONS**

Plaintiff designates
Rockland County as
the place of trial
The basis of venue is
CPLR Sec. 503 (a)

**YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorneys within twenty (20) days after the service of this summons, exclusive of the day of service, or within thirty (30) days after the service is complete if this summons is not personally delivered to you within the State of New York; and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: New City, New York
       June 6, 2008

                                    BARRY D. HABERMAN, ESQ.
                                    ATTORNEY FOR PLAINTIFF
                                    JOSEPH W. DYKSTRA
                                    254 SOUTH MAIN STREET #401
                                    NEW CITY, NEW YORK 10956
                                    845-638-4294

DEFENDANT'S ADDRESS FOR SERVICE

WYETH PHARMACEUTICALS, INC.
401 NORTH MIDDLETOWN ROAD
PEARL RIVER, NEW YORK 10965

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ROCKLAND
-----------------------------------------------------------------X
JOSEPH W. DYKSTRA,

                       Plaintiff,

       -against-

WYETH PHARMACEUTICALS, INC.,

                       Defendant.
-----------------------------------------------------------------X

Index # SU-2008-05479
Date Purchased: 06/06/2008

**VERIFIED COMPLAINT**

Plaintiff designates
Rockland County as
the place of trial
The basis of venue is
CPLR Sec. 503 (a)

       The Plaintiff, JOSEPH W. DYKSTRA, by his attorney, Barry D. Haberman, Esq., complaining of the Defendant, WYETH PHARMACEUTICALS, INC., respectfully alleges as follows:

       1.     The Plaintiff, Joseph W. Dykstra, herein referred to as "Dykstra", is a New York resident, domiciled at 1003 Chestnut Ridge Road, Chestnut Ridge, New York 10977, in Rockland County, New York.

       2.     Said domicile of Plaintiff, "Dykstra", is located in the jurisdiction of the Supreme Court of the State of New York, Rockland County.

       3.     Upon information and belief, Defendant, Wyeth Pharmaceuticals, Inc.., herein referred to as "Wyeth", is a foreign Corporation, authorized to conduct business in the State of New York with offices located at 401 North Middletown Road, Pearl River New York, in Rockland County.

### AS AND FOR A FIRST CAUSE OF ACTION

       4.     The Plaintiff, "Dykstra", repeats and reiterates each and every allegation hereinbefore set forth, with the same force and effect as if set forth herein.

1

5.  Upon information and belief, the Plaintiff, "Dykstra" was hired by the Defendant, "Wyeth" on or about November 30, 1992.

6.  Upon information and belief, said Plaintiff, "Dykstra" was employed continuously by the "Defendant, "Wyeth" from 1992 through the termination of his employment on or about June 11, 2007.

7.  At the time of the termination of the Plaintiff, "Dykstra's" employment, he his position of employment was asceptic setup worker.

8.  Upon information and belief, the Plaintiff, "Dykstra", was a satisfactory employee for the "Defendant, "Wyeth", for the entire term of his employment, 14 plus years.

9.  Upon information and belief, the Defendant, "Wythe" is the pharmaceutical business, and said business involves developing, testing, manufacturing and distribution of pharmaceutical products.

10. Upon information and belief, the above mentioned activities of Defendant, "Wyeth" are regulated by various governmental agencies, including but not limited to the Federal and Drug Administration ("FDA") and the Occupational Safety and Health Administration ("OSHA").

11. Upon information and belief, the Defendant, "Wyeth" is subject to the provisions 21 CFR sec. 600.14 as published by the FDA, governing conduct of a manufacturer licensed biological products.

12. Upon information and belief, pursuant to CFR sec. 600.14, the Defendant, "Wyeth" is required to report to the Center of Biologics Evaluation and Research and the Office of Compliance and Biologics Quality within 45 days of any event associated with

the manufacturing, which includes testing, processing, packing, labeling, or storage, or with the holding or distribution of a licensed biological product, in which the safety, purity, or potency of a distributed product may be affected.

13. Upon information and belief, such regulation was issued by the FDA in order to prevent substantial and specific danger to the public health or safety.

14. Upon information and belief in late February or early March 2007, the Plaintiff, "Dykstra" witnessed a violation of standard operating procedures of the Defendant, "Wyeth."

15. Upon information and belief, at the time referenced in paragraph 14 above, four (4) individuals employed by the Defendant, "Wyeth" performing maintenance tasks in a room designated for a clean environment had failed to perform a specific task called "plating" which is done to ensure that cleanliness of the room (sterile and sanitized) was maintained. The failure to "plate" was a violation of the Defendant's Standard Operating Procedure ("SOP") designed to ensure safety of the produce.

16. The Plaintiff, "Dykstra" was informed by these individuals that they were instructed not sign in. (This too is a violation of the Defendant's SOP.)

17. Upon information and belief, two of the individuals performing work in the clean room were not certified for such duties. This is yet again another violation of the Defendant's SOP.

18. Upon information and belief, work that was performed by individuals not certified to be performing activities in a clean environment constitutes a destruction of a controlled environment, as stated in the Defendant's SOP.

3

19. Upon information and belief, once there was a destruction of a controlled environment, the Defendant was required to perform a "triple cleaning" to ensure the reestablishment of the controlled environment. This is required by the Defendant's SOP.

20. Upon information and belief, the required "triple cleaning" was never performed, such that a controlled environment was not properly established.

21. Upon information and belief, manufacturing of product continued in the compromised room, an act which is yet again a violation of the Defendant's SOP.

22. The Plaintiff, "Dykstra" reported the violation of the Defendant's SOP to his supervisor, Humberto Zayas on the same day that he witnessed said violation.

23. The room in question was used by the Defendant, "Wyeth" for the manufacture of a vaccine given to children between the ages of 6 weeks and 10 years. Said vaccine is "Prevnar", which is given to prevent pneumococcal bacteria that can cause serious diseases such as meningitis (an infection of the covering of the brain and spinal cord) and bacteremia (an infection of the blood).

24. As such, the environment in the room of manufacture is an act which the FDA monitors.

25. Upon information and belief, the Defendant, "Wyeth" was required to report to the event to the FDA, as said event qualifies as an event in which in safety, purity, or potency of a distributed product may be affected.

26. Upon information and belief, as stated above, the Defendant, "Wyeth" failed to report the event described above to the FDA.

27. The failure of the Defendant to report the event to the FDA is an act which is a substantial and specific danger to the public health or safety.

28. The acts of the Defendant, "Wyeth" are violations of 21 CFR sec. 600.14.

29. As stated above, the Plaintiff, "Dykstra" notified his supervisor, Humberto Zayas of the violation. However, instead of reporting the violation as required to the FDA, the Defendant, "Wyeth" terminated the employment of the Plaintiff.

30. The Plaintiff, "Dykstra" asserts that the termination was not for a valid reason, but was pretextual in nature, that is for the sole reason of the Plaintiff's reporting of a violation of rule or regulation which would have a substantial and specific danger to the public health or safety.

31. The act of terminating the Plaintiff's employment for reporting said event is retaliation as defined by New York LL sec. 740(1)(e).

32. The act of terminating the Plaintiff's employment for reporting said event is prohibited by New York LL sec. 740(2)(a) and (c).

33. Pursuant to New York LL sec. 740(5) the Plaintiff is entitled to (b) reinstatement to his position of employment; (c) reinstatement of full fringe benefits; (d) compensation for lost wages, benefits and other remuneration; and (e) reasonable costs, disbursements and attorney's fees.

34. The Plaintiff seeks reinstatement to his position of employment, monetary damages incurred since the Defendant ceased compensation, reinstatement of full fringe benefits, reasonable costs, disbursements and attorney fees.

35. As the Plaintiff earned $1,722.96 per week, the Plaintiff seeks same as compensation since the date that the Defendant ceased paying wages.

36. Thus, there is now due and owing from the Defendant to the Plaintiff the sum of $1,722.96 per week for each week since the date that the Defendant ceased paying wages to the Plaintiff.

**WHEREFORE**, the Plaintiff, Joseph W. Dykstra, demands judgment:

(1) Against the Defendant, for termination of his employment in violation of the Plaintiff, "Dykstra's" rights under the provisions of New York State Labor Law, sec. 740 et. seq., "New York's Whistleblower Protection Act".

(2) Against the Defendant, reinstating the Plaintiff, "Dykstra" to his position of employment; reinstatement of full fringe benefits; awarding the Plaintiff, "Dykstra", back pay in the amount of $1,722.96 per week for each week since the date that the Defendant ceased paying wages; and costs, disbursements and attorney fees, the remedy provided a Plaintiff under the provisions of New York State Labor Law, sec. 740 et. seq.

Dated: New City, New York
    June 6, 2008

_____
BARRY D. HABERMAN, ESQ.
ATTORNEY FOR PLAINTIFF
JOSEPH W. DYKSTRA
254 SOUTH MAIN STREET #401
NEW CITY, NEW YORK 10956
845-638-4294

## VERIFICATION

That the deponent, JOSEPH W. DYKSTRA, is the Plaintiff, in the within action; that deponent has read the foregoing and knows the contents thereof; that the same is true to deponent's own knowledge, except as to those matters therein stated to be alleged upon information and belief; and as to those matters, deponent believes them to be true.

The grounds for deponent's belief as to all matters not stated upon his knowledge are investigations which he has made or has caused to be made concerning the subject matter of this action, and statements of parties and/or witnesses made herein.

The undersigned affirms that the foregoing statements are true.

Dated: New City, New York
June 6, 2008

*Joseph Dykstra*
JOSEPH W. DYKSTRA

**IN PRESENCE OF**

STATE OF NEW YORK )
                  )
COUNTY OF ROCKLAND )

On the ___6___ day of June 2008, before me, the undersigned, a Notary Public in and for said State, personally appeared **JOSEPH W. DYKSTRA**, personally known to me or proved to me on the basis of satisfactory evidence, to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual or person upon behalf of which the individual(s) acted, executed the instrument.

Notary Public

BARRY D. HADERMAN
Notary Public, State Of New York
No. 02HA6057921
Qualified In Rockland County
Commission Expires 04/30/20__

RE:    JOSEPH DYKSTRA v. WYETH PHARMACEUTICALS, INC.
       Index Number: SU-2008-05479

## STATEMENT OF SERVICE BY MAIL AND ACKNOWLEDGMENT OF RECEIPT BY MAIL OF SUMMONS AND COMPLAINT

### A. STATEMENT OF SERVICE BY MAIL

TO:    Wyeth Pharmaceuticals, Inc.
       401 North Middletown Road
       Pearl River, New York 10956

The enclosed Summons and Complaint are served pursuant to section 312-a of the Civil Practice Laws and Rules.

To avoid being charged with the expense of service upon you, you must sign date, and complete the Acknowledgment part of this form and mail or deliver one copy of the completed form to the sender within thirty (30) days for the date you receive it. You should keep a copy for your records or your attorney. If you wish to consult an attorney, you should do so as soon as possible before the thirty (30) days expire.

If you do not complete and return the form to the sender within thirty (30) days, you (or the party on whose behalf you are being served) will be required to pay expenses incurred in serving the Summons and Complaint in any other manner permitted by law, and the cost of such service as permitted by law will be entered as a judgment against you.

You have received a Complaint with this statement, the return of this statement and acknowledgment does not relieve you of the necessity to answer the Complaint. The time to answer expires twenty (20) days after the day you mail or deliver this form to the sender. If you wish to consult with an attorney you should do so as soon as possible before the twenty (20) days expire.

If you are served on behalf of a corporation, unincorporated association, partnership or other entity, you must indicate under your signature your relationship to the entity. If you are served on behalf of another person and you are authorized to receive process, you must indicate under your signature your authority.

It is a crime to forge a signature or to make a false entry on this statement or on the acknowledgment.

RE:    JOSEPH DYKSTRA v. WYETH PHARMACEUTICALS, INC.
       Index Number: SU-2008-05479

## B. ACKNOWLEDGMENT OF RECEIPT OF SUMMONS AND COMPLAINT

I received a Summons and Complaint in the above captioned matter at (insert address)

_____

PLEASE CHECK ONE OF THE FOLLOWING:

IF 2 IS CHECKED, COMPLETE AS INDICATED:

1. _____    I am not in military service.

2. _____    I am in military service, and my rank, serial number and branch of service are as follows:

Rank: _____

Serial number: _____

Branch of Service: _____

TO BE COMPLETED REGARDLESS OF MILITARY STATUS:

Date: _____
      (Date this Acknowledgment
      is executed)

I affirm the above under penalty of perjury.

_____
Signature

_____
Print Name

_____
Name of Defendant for which acting

_____
Position with Defendant for which acting
(i.e., officer, attorney, etc.)